## HANCOCK v. HOEGMEYER.
### No. 3364.

Court of Civil Appeals of Texas. Beaumont.
Oct. 27, 1938.

Rehearing Denied Nov. 2, 1938.

great weight and preponderance of the evidence, the judgment is reversed and the cause remanded for another trial.

Reversed and remanded.

———◆———

Andrew M. Smith and Weber & Wolfe, all of San Antonio, for appellant.

G. H. Miller, of Columbus, and Baker, Botts, Andrews & Wharton, A. P. Jones, and O. Strother Simpson, all of Houston, for appellee.

O'QUINN, Justice.

This was an action by appellant Hancock against appellee Hoegmeyer for damages growing out of an automobile collision. The jury convicted appellee of actionable negligence, and also found that the collision was an unavoidable accident, and further found that appellant suffered no damages as a result of the accident. On the verdict judgment was rendered for appellee. From that judgment, appellant brings this appeal.

On oral argument, appellee conceded that a conflict existed in the jury's findings—the finding that appellee was guilty of actionable negligence and the finding that the collision was unavoidable—but would sustain the judgment on the finding that appellant had suffered no damages.

We sustain appellant's assignment that the finding of the jury against him on the issue of damages was against the overwhelming weight and preponderance of the evidence, and without reasonable support in the evidence. The evidence greatly preponderates to show that appellant suffered a most serious injury in the collision in question. The great weight of the evidence established that as the result of the injury, appellant suffered a hernia from which he suffered great pain, and in undergoing an operation and receiving medical attention for same, incurred hospital and medical bills of more than $600.

Because the jury's finding on the issue of damages is without reasonable support in the evidence, and is against the